**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEOSHUA ENMANUEL SOJO**
**CASTELLANO,**

        **Petitioner,**

        **v.**                      **Case No.:  6:26-cv-01188-PGB-RMN**

**MERRICK GARLAND,**
**SECRETARY KRISTI NOEM,**
**FIELD OFFICE DIRECTOR,**
**ENFORCEMENT AND**
**REMOVAL OPERATIONS,**
**ORLANDO FIELD OFFICE and**
**FACILITY ADMINISTRATOR /**
**WARDEN, ORANGE COUNTY**
**DETENTION CENTER —**
**PHOENIX FACILITY,**

        **Respondents.**
_____/

## <u>ORDER</u>

This cause is before the Court for consideration without oral argument on Petitioner Jeoshua Emmanuel Sojo Castellano's ("**Petitioner**") Petition for Writ of Habeas Corpus (Doc. 1 (the "**Petition**")) and Emergency Motion for Temporary Restraining Order and to Preserve Court Jurisdiction (Doc. 6 (the "**Motion**")). Upon consideration, the Court declines to issue a temporary restraining order ("**TRO**") and, as such, the Motion is due to be denied.

## I.    BACKGROUND

On May 28, 2026, Petitioner filed the Petition against Respondents Merrick

Garland, United States Attorney General; Kristi Noem, Secretary of the United States Department of Homeland Security; the Field Office Director of Enforcement and Removal Operations ("**ERO**") in the Orlando Field Office of the United States Immigration and Customs Enforcement ("**ICE**"); and the Facility Administrator/Warden of the Orange County Detention Center – Phoenix Facility (collectively, the "**Respondents**")[1] with this Court. (Doc. 1).

Petitioner asserts that he is a Venezuelan national and has resided in the United States since 2021. (*Id.* at p. 3).  On approximately May 20, 2026, Petitioner was a passenger in a vehicle that was stopped by an officer from the Orange County Sheriff's Department. (*Id.* at p. 4). The law enforcement officer issued a citation and assessed a monetary fine to the driver of the vehicle, Mr. Jhosmer Briseño ("**Mr. Briseño**"), for operating the vehicle with an expired driver's license. (*Id.*). After receiving his citation, Mr. Briseño was permitted to "leave the scene without arrest and without further detention." (*Id.*). However, Petitioner was detained by the law enforcement officer and transferred to the custody of ICE. (*Id.* at pp. 4–5).

As a result, on May 28, 2026, Petitioner filed the Petition, wherein he brings

---

[1]    The Court notes that Petitioner misidentifies Merrick Garland as the United States Attorney General, and Kristi Noem as the Secretary of United States Department of Homeland Security. (Doc. 1, p. 3). Currently, neither Mr. Garland nor Ms. Noem occupy these positions. The Court assumes Petitioner seeks relief from the current Attorney General and Secretary of United States Department of Homeland Security: Todd Blanche, as acting Attorney General, and Markwayne Mullin, respectively. As such, the Court will attribute the naming of Mr. Garland and Ms. Noem in the Petition to a scrivener's error. Likewise, Petitioner includes the Field Office Director of the ERO in the Orlando Field Office of ICE as a Respondent, however, there is no ERO office in Orlando. *See ICE Field Offices*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://www.ice.gov/contact/field-offices?state=6&office=All&keyword=. Accordingly, it is unclear to the Court which ICE office Petitioner intends to be a respondent.

claims against Respondents for (1) unreasonable seizure under the Fourth Amendment to the United States Constitution; (2) unlawful detention without a bond hearing pursuant to 8 U.S.C. § 1226(a); and (3) violation of Due Process under the Fifth Amendment to the United States Constitution. (*Id.* at pp. 5–8).

Now, in the instant Motion, Petitioner contends that after he filed the Petition, he was transferred to the Broward Transitional Center in Pompano Beach, Florida. (Doc. 6, p. 2). Upon his arrival at the Broward Transitional Center, the Immigration Court in Pompano Beach scheduled a custody redetermination hearing for June 11, 2026, at 1:00 P.M. (*Id.* at pp. 2, 7). Yet, Petitioner asserts that on June 8, 2026, he was transferred by ICE to the Winn Correctional Center in Winnfield, Louisiana. (*Id.* at pp. 2, 9). Consequently, Plaintiff seeks a TRO from this Court "prohibiting [Respondents from] any further transfer [of Petitioner] pending further order of the Court." (*Id.* at p. 3).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B).

If the movant establishes that he is justified in seeking *ex parte* relief, he then must show that injunctive relief is warranted. To do so, the movant must

demonstrate each of "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

Further, TROs are "extraordinary and drastic remed[ies] not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to *each* of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)) (emphasis added). Ultimately, issuing a TRO should be "the exception rather than the rule." *Id.*

## III.   DISCUSSION

### A.   Notice

In the Motion, the requirements imposed by Federal Rule of Civil Procedure 65 for issuing a TRO without notice to the adverse party are not satisfied. Although Petitioner submitted a verified Petition, the Motion is not supported by specific facts that "clearly show immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition[.]" FED. R. CIV. P.

4

65(b)(1)(A); *see also* discussion *supra* Section III.C. Moreover, Petitioner's counsel does not "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."[2] FED. R. CIV. P. 65(b)(1)(B).

### B. Likelihood of Success on the Merits

Turning to the elements required to issue a TRO, Petitioner has not established a likelihood of success on the merits. The Eleventh Circuit has held that aliens, like Petitioner, who are present in the United States are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) ("The text of § 1225(b)(2)(A) is clear that mandatory detention applies only to a narrower category of applicants for admission: those seeking lawful entry into the United States."). This Court and others have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, are entitled to a bond hearing.

Here, while Petitioner asserts that he is being held pursuant to § 1226(a), he is scheduled to have a hearing before the Immigration Court in Pompano Beach, Florida on June 11, 2026. (Doc. 1, p. 6; Doc. 6, p. 7). Petitioner's relocation to the Winn Correctional Center in Louisiana does not automatically imply that Petitioner will never have a hearing before the Immigration Court and Petitioner cites to no authority to suggest that this Court should assume so. (Doc. 6, pp. 2–

---

[2]   Indeed, the Motion actually contemplates further briefing from Respondents. (Doc. 6, p. 5 (requesting that the Court "set an expedited response deadline and such further hearing as it deems appropriate.")).

3).   Notably, Petitioner does not request that the Court order Respondents to transfer Petitioner back to Pompano Beach so that he can attend his hearing, but rather requests that the Court enjoin Respondents from moving Petitioner at all. (*Id.* at p. 3); *see also* discussion *supra* Section III.C.

Furthermore, in his discussion of the likelihood of success on the merits, Petitioner focuses solely on "the jurisdiction-preservation issue[.]" (*Id.* at p. 2). However, nowhere in the short discussion on this element does Petitioner address the likelihood of success on the merits of the Petition itself.[3] The Court cannot issue a TRO without Petitioner demonstrating that he will prevail on the underlying claims asserted in the Petition. *See* Local Rule 6.01(b)(1) ("The legal memorandum must establish the likelihood that the movant ultimately will prevail on the claim[.]").

### C.   Irreparable Harm

Next, Petitioner must demonstrate that without an injunction, he will suffer irreparable injury, which is an injury that "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). But the showing of irreparable injury "must be neither remote nor speculative, but actual and

---

[3]   The likelihood of Petitioner's success on the merits is largely contingent on whether he is detained under 8 U.S.C. § 1226(a). Although Petitioner alleges that he is detained pursuant to § 1226(a), Petitioner does not supply the Court with sufficient factual information and evidence for Court to make this determination. (Doc. 1, pp. 6–7). Further, even if Petitioner was detained under § 1226(a), it appears that the government is in the process of scheduling a hearing before an Immigration Court, thus satisfying the requirements of § 1226(a). (Doc. 6, pp. 2–3).

imminent." *Siegel*, 234 F.3d at 1176 (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Here, the irreparable harm that Petitioner asserts is that his hearing before the Immigration Court "will be cancelled, continued indefinitely, or treated as outside the [I]mmigration [C]ourt's detention jurisdiction." (Doc. 6, pp. 2–3). Yet, Petitioner fails to support this statement with any evidence or facts to demonstrate that the hearing has been changed in any way. More notably, as mentioned above, the requested relief Petitioner seeks will not remedy the alleged irreparable harm. In the Motion, Petitioner asserts that: "[t]he requested restraint is narrow. Petitioner does not presently seek release through this [M]otion, and does not ask the Court to order affirmative transportation back to Florida at this stage. Instead, he seeks only an order prohibiting any further transfer pending further order of the Court." (*Id.* at p. 3). A TRO enjoining Respondents from transferring Petitioner from Winn Correctional Center would not remedy the harm of Petitioner missing his hearing in front of the Immigration Court. Accordingly, Petitioner fails to demonstrate that the harm "might result absent a restraining order." Local Rule 6.01(b)(3).

## IV.   CONCLUSION

Because the Court finds that Petitioner has not clearly established two of the requirements for obtaining a TRO, the "extraordinary and drastic" remedy is not warranted here. *Siegel*, 234 F.3d at 1176. Accordingly, the Court need not reach the issue of the remaining elements for establishing entitlement to such relief. *Id.*; *see*

*also Johnson v. Preserves at Stonebriar Homeowners Ass'n Inc.*, No. 6:23-CV-1585-CEM-LHP, 2025 WL 1876017, at *2 (M.D. Fla. July 8, 2025) ("If the Court finds that Plaintiff has failed to carry her burden as to a single element, the Court need not consider the remaining elements.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Motion for Temporary Restraining Order and to Preserve Court Jurisdiction (Doc. 6) is **DENIED**.

2. The Clerk of Court is **DIRECTED** to serve copies of this Order, the Petition (Doc. 1), and the Emergency Motion for Temporary Restraining Order and to Preserve Court Jurisdiction (Doc. 6) as follows:

   (a) Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at OPLAORLFEDLIT@ice.dhs.gov;

   (b) United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov; and OPLAORLFEDLIT@ice.dhs.gov;

   (c) Orange County Jail / Warden's Office at irmpickupdesk@ocfl.net; so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net; and Juanita.Beason@ocfl.net;

8

(d)     United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

(e)     Via first-class mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on June 10, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

9