**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEOSHUA ENMANUEL SOJO**
**CASTELLANO,**

        **Petitioner,**

      **v.**                 **Case No.: 6:26-cv-01188-PGB-RMN**

**MERRICK GARLAND,**
**SECRETARY KRISTI NOEM,**
**FIELD OFFICE DIRECTOR,**
**ENFORCEMENT AND**
**REMOVAL OPERATIONS,**
**ORLANDO FIELD OFFICE and**
**FACILITY ADMINISTRATOR /**
**WARDEN, ORANGE COUNTY**
**DETENTION CENTER —**
**PHOENIX FACILITY,**

        **Respondents.**
_____/

## <u>ORDER</u>

This cause is before the Court upon Petitioner Jeoshua Enmanuel Sojo Castellano's ("**Petitioner**") Second Emergency Motion for Preliminary Injunction and, in the Alternative, Renewed Motion for Temporary Restraining Order. (Doc. 9 (the "**Motion**")).

Petitioner initiated this action on May 28, 2026, by filing a Petition for Writ of Habeas Corpus against Respondents. (Doc. 1). Petitioner alleges that he has been unlawfully detained by Immigration and Customs Enforcement ("**ICE**") since

approximately May 20, 2026, following a traffic stop in Orange County, Florida. (*Id.* at pp. 3–4).

In the Motion, Petitioner asserts that he has been repeatedly relocated by Respondents, which has essentially defeated his requests for a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See generally* Doc. 9). Indeed, Petitioner contends that, since his Petition was filed, he has been detained in five detention centers across four states. (*Id.* at pp. 3–5). Moreover, Petitioner asserts that his relocation has resulted in him missing two bond hearings before immigration courts in two states. (*Id.* at pp. 4–5). At present, Petitioner appears to be in a detention facility in California while his next relevant immigration proceeding is a master calendar hearing set for June 29, 2026, in Florence, Arizona. (*E.g.*, *id.* at p. 5).

In the Motion, among other relief, Petitioner asks the Court to enter an injunction:

1. "[r]equiring Respondents to file the Form I-830 in the immigration court with jurisdiction over Petitioner's pending custody redetermination request, so that a custody hearing may proceed";

2. "[r]equiring Respondents to produce Petitioner for a custody redetermination hearing before that court within seven (7) days"; and

3. "[i]n the alternative, ordering Respondents to return Petitioner to a detention facility within the jurisdiction of the immigration court handling his bond proceedings."

(*Id.* at pp. 10–11).

Importantly, the Court cannot determine from the Motion what specific relief Petitioner seeks. Although Petitioner asks the Court to compel Respondents to take actions before "the immigration court with jurisdiction over his custody redetermination request," the Motion does not identify the location or jurisdiction of that court. (*Id.* at p. 10). Given Petitioner's representations that he has been transferred among detention facilities in multiple states and has proceedings pending in different jurisdictions, it is unclear which immigration court presently has jurisdiction over Petitioner's custody determination and how the requested injunction would operate in practice. As a result, supplemental briefing is required before the Court can properly evaluate Petitioner's request for emergency injunctive relief.

Accordingly, it is **ORDERED** that, on or before **June 23, 2026**, Petitioner **SHALL** file supplemental briefing identifying the immigration court that currently possesses jurisdiction over Petitioner's custody redetermination proceedings and explaining the factual and legal basis for the specific injunctive relief sought in the Motion as it relates to that court. Plaintiff's supplemental briefing shall not exceed **five pages** in length.

**DONE AND ORDERED** in Orlando, Florida on June 18, 2026.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:

Counsel of Record
Unrepresented Parties