UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEOSHUA ENMANUEL SOJO
CASTELLANO,

        Petitioner,

        v.                       **Case No.:  6:26-cv-01188-PGB-RMN**

TODD BLANCHE, MARKWAYNE
MULLIN, FIELD OFFICE
DIRECTOR, ENFORCEMENT
AND REMOVAL OPERATIONS,
ORLANDO FIELD OFFICE and
FACILITY ADMINISTRATOR /
WARDEN, ORANGE COUNTY
DETENTION CENTER —
PHOENIX FACILITY,

        Respondents.

_____/

## ORDER

This cause is before the Court for consideration without oral argument on the following filings:

1.     Petitioner Jeoshua Emmanuel Sojo Castellano's ("**Petitioner**") Second Emergency Motion for Preliminary Injunction and, in the Alternative, Renewed Motion for Temporary Restraining Order (Doc. 9 (the "**Subject Motion**"));

2.     Petitioner's Supplemental Briefing[1] (Doc. 12);

---

[1]  The Court ordered Petitioner to brief certain issues raised by the Subject Motion and Petitioner complied. (Docs. 10, 12).

3.  Respondents Todd Blanche, Acting United States Attorney General; Markwayne Mullin, Secretary of the United States Department of Homeland Security;[2] the Field Office Director of Enforcement and Removal Operations ("**ERO**") in the Orlando Field Office of the United States Immigration and Customs Enforcement ("**ICE**"); and the Facility Administrator/Warden of the Orange County Detention Center—Phoenix Facility's (collectively, the "**Respondents**") Response to the Subject Motion (Doc. 13 (the "**Response**")); and

4.  Respondents' Notice of Applicable Statute and Response to Court's Order (Doc. 15 (the "**Notice**")).

Upon consideration, the Motion is due to be granted in part and denied without prejudice in part.

## I.  BACKGROUND

On May 28, 2026, Petitioner filed the Petition (Doc. 1 (the "**Petition**")) against Respondents with this Court. (*Id.*). Through the Petition, Petitioner asserts that he is a Venezuelan national who has resided in the United States since 2021. (*Id.* at p. 3). On approximately May 20, 2026, Petitioner was a passenger in a vehicle that was stopped by a law enforcement officer from the Orange County

---

[2]  As the Court has previously noted, in the Petition, Petitioner lists as Respondents former officeholders for the positions of Attorney General and Secretary of the United States Department of Homeland Security. (Doc. 7, p. 2 n.1). The Court thus assumes Petitioner seeks relief from the current Acting Attorney General and the Secretary of the United States Department of Homeland Security, Todd Blanche and Markwayne Mullin, respectively. The Court thus directs the Clerk of Court to substitute Todd Blanche and Markwayne Mullin as the relevant Respondents in this Order pursuant to Federal Rule of Civil Procedure 25(d).

Sheriff's Department. (*Id.* at p. 4). The officer issued a citation and assessed a monetary fine to the driver of the vehicle for operating the vehicle with an expired driver's license. (*Id.*). The driver was then permitted to "leave the scene without arrest and without further detention." (*Id.*). However, Petitioner was detained by the officer and transferred into ICE custody. (*Id.* at pp. 4–5).

As a result, on May 28, 2026, Petitioner filed the Petition, wherein he brings claims against Respondents for (1) unreasonable seizure under the Fourth Amendment to the United States Constitution; (2) unlawful detention without a bond hearing pursuant to 8 U.S.C. § 1226(a), depriving him of procedural due process under the Fifth Amendment to the United States Constitution; and (3) deprivation of substantive due process in violation of the Fifth Amendment to the United States Constitution. (*Id.* at pp. 5–8).

Then, on June 8, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order and to Preserve Court Jurisdiction. (Doc. 6 (the "**Initial Motion**")). Therein, Petitioner contended that, after he filed the Petition, he was transferred to the Broward Transitional Center in Pompano Beach, Florida. (*Id.* at p. 2). Further, upon his arrival at the Broward Transitional Center, the Immigration Court in Pompano Beach scheduled a custody redetermination hearing for June 11, 2026, at 1:00 p.m. (the "**Florida Bond Hearing**"). (*Id.* at pp. 2, 7). Yet, in the Initial Motion, Petitioner asserted that on June 8, 2026, he was transferred by ICE to the Winn Correctional Center in Winnfield, Louisiana. (*Id.* at pp. 2, 9). Consequently, Petitioner sought a temporary restraining order

from this Court "prohibiting [Respondents from] any further transfer [of Petitioner] pending further order of the Court." (*Id.* at p. 3).

On June 10, 2026, the Court entered an Order (Doc. 7 (the "**Prior Order**")) denying the Initial Motion on multiple grounds. (*Id.*). To begin, the Court noted that Petitioner had failed to address, let alone establish, Federal Rule of Civil Procedure 65's requirements for issuing injunctive relief absent notice to the adverse party. (*Id.* at pp. 4–5); *see* FED. R. CIV. P. 65(b)(1)(A)–(B). Next, the Court found that Petitioner had failed to establish either a substantial likelihood of success on the merits of the action or the element of irreparable harm.[3] (Doc. 7, pp. 5–7).

Now, in the Subject Motion, Petitioner seeks a preliminary injunction, or alternatively, renews his request for a temporary restraining order. (*See generally* Doc. 9). In support, Petitioner discloses several developments that have occurred since the time he filed the Initial Motion on June 8, 2026. (*Id.* at pp. 2–5). To begin, on June 8, 2026—the same day Petitioner filed the Initial Motion—Respondents filed a Form I-830 with the Florida Immigration Court indicating they were once again transferring Petitioner, this time to a detention center in Florence, Arizona. (*Id.* at pp. 4, 146). As a result, the Florida Bond Hearing, scheduled for June 11, 2026, did not go forward. (*Id.* at pp. 4, 148). The day after the Form I-830 was filed, Petitioner's counsel renewed his bond request. (*Id.* at p. 4). A custody

---

[3]   Indeed, Petitioner had entirely failed to brief the issue of his substantial likelihood of success on the merits, aside from asserting that the Court retained jurisdiction over the action despite his transfer. (Doc. 6, p. 2).

redetermination hearing was then set for June 16, 2026, before the Immigration Court in Florence, Arizona (the "**Arizona Bond Hearing**"). (*Id.* at pp. 4–5, 16). Then, Respondents once again transferred Petitioner before the Arizona Bond Hearing could occur, this time to the Imperial Regional Adult Detention Facility in Calexico, California. (*Id.* at pp. 4–5, 153). As to the latest transfer, Petitioner notes that Respondents "filed no I-830 at all." (*Id.* at pp. 4–5, 150). As a result, at the Arizona Bond Hearing, the Immigration Court took "[n]o action." (*Id.* at p. 150). At present, no bond hearing is pending, and instead, the most recent scheduled proceeding was a master calendar hearing set by the Arizona Immigration Court for June 29, 2026, to address Petitioner's removal proceedings. (*Id.* at p. 5, 155).

Consequently, in the Subject Motion, Petitioner requests that the Court enter a temporary restraining order or preliminary injunction that affords various forms of relief, all directed towards ensuring that Petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226, with reasonable access to his counsel in association therewith. (*See* Doc. 9, pp. 10–11). Specifically, Petitioner seeks an order (1) requiring Respondents to disclose in writing certain information regarding Petitioner's current place of detention within twenty-four hours; (2) requiring Respondents to file the Form I-830 "in the immigration court with jurisdiction over Petitioner's pending custody determination request"; (3) requiring Respondents to produce Petitioner for an in person or virtual custody redetermination hearing within seven days; (4) enjoining Respondents from transferring Petitioner "in a manner that would defeat, delay, or render ineffective

a scheduled custody hearing," impair Petitioner's communication with counsel, or frustrate this Court's jurisdiction, absent leave of Court; (5) in the alternative, require Respondents to "return Petitioner to a detention facility within the jurisdiction of the immigration court handling his bond proceedings"; and (6) requiring Respondents to provide Petitioner's counsel reasonable, confidential access to Petitioner sufficient to prepare for his legal proceedings. (*Id.*).

Of note, in the Response, "for the purposes of preserving their right to appeal," Respondents asserted that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)." (Doc. 13, pp. 1–2). However, Respondents openly conceded that, if the Court decided that Petitioner is being detained under 8 U.S.C. § 1226, then "he is entitled to a bond hearing." (*Id.* at p. 6). As a result of Respondents' equivocation as to the statutory basis for Petitioner's detention, the Court ordered Respondents to file a notice "informing the Court whether Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226" on or before 12:00 p.m. on July 6, 2026. (Doc. 14). Respondents timely complied, and in the Notice, informed the Court as follows:

> **In short, Petitioner is held under 8 U.S.C. § 1226. His detention is therefore governed by the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026).[4] He is entitled to a bond hearing. Should his counsel request it or this Court order one, Petitioner will receive a bond hearing.**

---

4   In *Hernandez Alvarez*, the Eleventh Circuit held that § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully present in the interior of the United States. 175 F.4th at 1285. Of relevance, detainees held pursuant to § 1226(a) are generally entitled to an individualized bond hearing to determine whether continued detention is warranted. *See* § 1226(a).

> **Counsel apologizes for any confusion. Plaintiff is a parolee, and counsel for the United States noted a limited exception to *Hernandez Alvarez* in Respondents' [Response]; however, upon further review (and after confirming with the Office of Principal Legal Advisor for ICE), counsel confirmed that Plaintiff entered without inspection and did not present at the border (and therefore was not seeking admission) when he was paroled into the United Status [sic]. He does not fall into the exception and is subject to the Eleventh Circuit's ruling in *Hernandez Alvarez*.[5]**

(Doc. 15, pp. 1–2 (emphasis added)).

## II. LEGAL STANDARD

In order to obtain injunctive relief, the movant must demonstrate each of the following elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest.

*Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Further, temporary restraining orders and preliminary injunctions are "extraordinary and drastic remed[ies] not to be granted unless the movant clearly

---

[5] The Court appreciates Respondents' candor in clarifying that Petitioner's detention is governed by § 1226 and that he is entitled to a bond hearing under *Hernandez Alvarez*. (Doc. 15). The Court notes, however, that despite this concession, Respondents did not represent that they would *provide* the hearing absent a request from counsel or an order of this Court. Consequently, to the Court's knowledge, Petitioner remains detained without a bond hearing following Respondents' Notice, resulting in the unnecessary expenditure of additional judicial resources and, more importantly, the continued deprivation of Petitioner's liberty. In the future, the Court expects Respondents to promptly provide relief that they acknowledge is required by controlling law, rather than awaiting a request from counsel or an order of the Court.

establishe[s] the 'burden of persuasion' as to *each* of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (emphasis added) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). Ultimately, issuing such relief should be "the exception rather than the rule." *Id.*

## III.   DISCUSSION

### A.   Jurisdiction

As an initial matter, the Court notes—and all parties agree—that the Court retains jurisdiction despite Petitioner's transfer outside of this District, as he was within the District when the Petition was filed. (Doc. 1, p. 2; Doc. 13, pp. 3–4); *see Ex Parte Endo*, 323 U.S. 283, 306 (1944); *Rumsfeld v. Padillo*, 542 U.S. 426, 441 (2004); *Doval v. U.S. Immigr. & Customs Enf't*, No. 3:26-cv-247-JEP-SJH, 2026 WL 1153072, at *1 n.1 (M.D. Fla. Apr. 29, 2026) ("Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer."); *Garcia v. U.S. Immigr. & Customs Enf't*, No. 2:26-cv-464-KCD-DNF, 2026 WL 568616, at *1 (M.D. Fla. Mar. 2, 2026) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." (citation omitted)).

### B.   Substantial Likelihood of Success on the Merits

In order to "obtain temporary injunctive relief, [a movant] must show a substantial likelihood of success on at least one claim." *Schiavo*, 403 F.3d at 1232. Here, Petitioner establishes a likelihood of success on the merits of the claim raised

in "Ground II" of his Petition, wherein Petitioner asserts that he is being unlawfully detained without a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1, pp. 6–7). Petitioner contends this unlawful detention violates his procedural due process rights under the Fifth Amendment. (*Id.*).

"[T]he Fifth Amendment . . . protects every noncitizen within the jurisdiction of the United States from deprivation of life, liberty, or property without due process of law." *Serrato v. Quinones*, No. 6:26-cv-599-JSS-LHP, 2026 WL 904687, at *2 (M.D. Fla. Apr. 2, 2026) (alteration accepted) (quoting *Mathews v. Diaz*, 426 U.S. 67, 77 (1976)). "Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection." *Mathews*, 426 U.S. at 77. Thus, "[l]imitations like the Due Process Clause . . . restrict the Government's power to detain noncitizens," and "[c]ourts must review immigration procedures and ensure that they comport with the Constitution." *Serrato*, 2026 WL 904687, at *2 (quoting *J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1334 (M.D. Ga. 2020)).

In the instant case, despite two separately scheduled custody redetermination hearings, Petitioner was transferred to different detention facilities before either hearing could proceed. (Doc. 9, pp. 4–5, 146–55). In light of Respondents' subsequent concession that Petitioner is detained under § 1226 and "is entitled to a bond hearing," Petitioner has demonstrated a substantial likelihood of success on the merits of Ground II. (Doc. 15, pp. 1–2); *see Schiavo*, 403 F.3d at 1225–26; *Serrato*, 2026 WL 904687, at *4 ("Petitioner has shown a

9

substantial likelihood of success on the merits. The court has jurisdiction over this habeas case, and because section 1226 applies . . . Petitioner is entitled to—but has not yet received—a bond hearing before an immigration judge.").

## C.    Irreparable Harm

Next, Petitioner must demonstrate that without an injunction, he will suffer irreparable injury, which is an injury that "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). The showing of irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176 (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Further, "[i]t is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020) (quotation omitted). Thus, "[w]hen an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Id.* (quoting *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984)).

In the instant case, the factual developments occurring since the Court entered the Prior Order demonstrate that Petitioner's alleged injury is no longer speculative. (Doc. 7; Doc. 9, pp. 3–6). After two separately scheduled custody redetermination hearings failed to occur because Petitioner was transferred to different detention facilities, Petitioner remains detained without the bond hearing

10

to which Respondents now concede he is entitled under § 1226. (Doc. 9, pp. 4–5, 146–55; Doc. 15, pp. 1–2). The continued deprivation of Petitioner's liberty without the hearing required by this statute constitutes an actual and imminent injury that cannot be adequately remedied through monetary damages. *See Gayle*, 614 F. Supp. 3d at 1205. As a result, Petitioner has established the element of irreparable harm.

### D.      Balance of the Harms and Public Interest

"The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)). Thus, in addressing this element, "the Court asks whether any significant 'public consequences' would result from issuing the preliminary injunction." *Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-cv-23792-BLOOM/Elfenbein, 2026 WL 898838, at *7 (S.D. Fla. Apr. 2, 2026) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

Here, as Petitioner notes, absent injunctive relief, "Petitioner faces continued loss of liberty and the recurring nullification of his hearing rights," while the ultimate relief Petitioner seeks—a bond hearing—only requires Respondents to "face . . . modest administrative obligations they are already legally required to perform[.]" (Doc. 9, pp. 9–10); *see also Boulos*, 2026 WL 898838, at *7 (noting that "[h]arm to the public is significantly more difficult to find where the

government's action is likely unconstitutional." (citation omitted)). Accordingly, the Court finds that the balance of harms and the public interest favor the issuance of the requested preliminary injunction.

### E.    Security

Pursuant to Federal Rule of Civil Procedure 65(c), a "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, "it is well-established that 'the amount of security required by the rule is a matter within the discretion of the trial court and the court may elect to require no security at all." *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (alterations accepted) (quoting *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981)). Under the circumstances, the Court finds that no security should be required of Petitioner because the Court is simply requiring Respondents to meet their constitutional obligations to Petitioner. *See id.* Thus, it is unlikely that Respondents will sustain costs or damages because of this Order.

### III.    CONCLUSION

In sum, the Court concludes that the failure to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226 is unlawful. Petitioner's continued detention absent the bond hearing to which he is entitled will result in irreparable

harm if permitted. Therefore, the Court will grant Petitioner's request for a preliminary injunction to the extent outlined herein.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Second Emergency Motion for Preliminary Injunction and, in the Alternative, Renewed Motion for Temporary Restraining Order (Doc. 9) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.[6]

2.  Respondents Todd Blanche, Acting United States Attorney General; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and the Field Office Director of Enforcement and Removal Operations in the Orlando Field Office of the United States Immigration and Customs Enforcement[7] are hereby **ORDERED**, on or before **5:00 p.m.** on **July 8, 2026**, to file a Notice confirming Petitioner's current place of detention and the identity and title of the official exercising immediate physical custody over him.

---

[6] To the extent Petitioner specifically asks the Court to "[r]equir[e] Respondents to file the Form I-830 in the immigration court with jurisdiction," and to enjoin Respondents from transferring Petitioner in a manner that would frustrate Petitioner's bond hearing or access to counsel, the Court finds such directives unnecessary at this time. (Doc. 9, p. 10). Respondents have represented to the Court that if a bond hearing is ordered, a bond hearing will occur. (Doc. 15, p. 1). Herein, the Court orders Respondents to produce Petitioner for a bond hearing and to ensure that Petitioner has reasonable access to counsel in connection therewith. Should Respondents require a further order of the Court to carry out this directive, the Court expects Respondents to immediately inform the Court rather than flout the instant Order. Further, should Petitioner deem additional relief to be warranted following the issuance of this Order, Petitioner may seek such relief in a legally supported motion at the appropriate time.

[7] The Court omits Respondent Facility Administrator/Warden of the Orange County Detention Center—Phoenix Facility from its directives herein, as Petitioner is no longer in the custody of this Respondent.

3. Respondents Todd Blanche, Acting United States Attorney General; Markwayne Mullin, Secretary of the United States Department of Homeland Security; the Field Office Director of Enforcement and Removal Operations in the Orlando Field Office of the United States Immigration and Customs Enforcement; and their agents, officers, employees, and all persons acting in concert with them, are hereby **ORDERED** to produce Petitioner for a custody redetermination hearing before the immigration court with jurisdiction over Petitioner's immigration proceedings on or before **July 14, 2026**. This hearing may be in person or by contemporaneous video or telephone.

4. Further, Respondents Todd Blanche, Acting United States Attorney General; Markwayne Mullin, Secretary of the United States Department of Homeland Security; the Field Office Director of Enforcement and Removal Operations in the Orlando Field Office of the United States Immigration and Customs Enforcement; and their agents, officers, employees, and all persons acting in concert with them **SHALL** take all steps reasonably necessary to ensure Petitioner's meaningful participation and confidential access to counsel with regard to the bond hearing ordered herein.

5. No security bond is required for this injunction as the Court deems it unnecessary.

6.     On or before **July 15, 2026**, the parties shall file a joint status report informing the Court as to the status of the immigration proceedings.

7.     Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to substitute Markwayne Mullin, Secretary of the United States Department of Homeland Security for Respondent Kristi Noem, former Secretary of the United States Department of Homeland Security, and to substitute Todd Blanche, Acting Attorney General for Respondent Merrick Garland, former Attorney General.

**DONE AND ORDERED** in Orlando, Florida on July 7, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties